IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAVIENT SOLUTIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 21-1124 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| STEPHANIE MANGAN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

**I. MEMORANDUM**

On August 24, 2021, Plaintiff filed a Petition to Confirm Arbitration Award and Enter Judgment, hereinafter, "Petition," regarding an arbitration proceeding with the American Arbitration Association (Case No. 01-19-0004-1474) that resulted in an award in Plaintiff's favor and against Defendant.  Doc. 1.  On October 1, 2021, Plaintiff requested entry of default against Defendant, attaching an affidavit demonstrating that Defendant was properly served with the Petition, and on October 7, 2021, this request was granted.  Docs. 4-5.  Plaintiff now moves for default judgment and confirmation of the arbitration award against Defendant pursuant to the Federal Arbitration Act (FAA).  Motion for Default Judgment (Doc. 6), hereinafter, "Motion." On November 10, 2021, the Court issued a show cause order, noticing a discrepancy in the description of the arbitration award in the draft proposed order attached to Plaintiff's Motion (Doc. 6-4), and the description of the arbitration award in the Petition.  Doc. 8.  On November 12, 2021, Plaintiff responded to the order to show cause, correcting its error and indicating that

interest should be awarded consistent with the arbitration award from the date of the evidentiary hearing, which was held on April 21, 2021.[1]  Doc. 9.

The FAA mandates that "district courts confirm arbitration awards by converting them into enforceable judgments through a summary proceeding."  <u>Teamsters Loc. 177 v. United Parcel Serv.</u>, 966 F.3d 248 (3d Cir. 2020).  The statute controls the Court's decision here.  9 U.S.C. § 9 provides in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

In light of this legal standard, the Court finds that Plaintiff has satisfied the jurisdictional and procedural requirements to confirm its arbitration award.  The underlying arbitration culminated in a final evidentiary hearing conducted on April 21, 2021, and resulted in the Arbitrator entering a final award in Plaintiff's favor on June 17, 2021, with payment due from Defendant within 60 days.  Petition at ¶¶ 11-21.  Plaintiff avers that it timely filed a petition for confirmation within one year of the arbitration award, and that Defendant has not sought to vacate, modify, or correct the award.  Petition at ¶¶ 7-9.  In addition, Plaintiff avers that jurisdiction and venue in this Court is proper (Petition at ¶¶ 1-6); that the Arbitration Agreement attached to the Arbitration Demand indicates that "[a]ny court with jurisdiction" may confirm the

---

[1] The Court notes there appears to be a scrivener's error in the Petition (Doc. 1), which incorrectly identifies the date of the evidentiary hearing as April 12, 2021 (see ¶ 20).  However, Plaintiff's Response to the Court's Order to Show Cause (Doc. 9) clearly indicates that the correct date for the evidentiary hearing in the arbitration was in fact April 21, 2021.

arbitration award (Id. at ¶ 24); and that the AAA Consumer Arbitration Rules provide that "[p]arties to these rules shall be deemed to have consented that judgment upon arbitration award may be entered in any federal or state court having jurisdiction thereof" (Id. at ¶ 25). Last, Plaintiff satisfies the requirements for default judgment pursuant to Federal Rule of Civil Procedure 55. Plaintiff states Defendant has not taken any action in this litigation, despite being served with the Petition. Brief in Support of Motion, hereinafter, "Brief," at 3-4. As noted above, Defendant is in default.

For these reasons, the Court will grant Plaintiff's Motion for Default Judgment and confirm its arbitration award. See AAMCO Transmissions, LLC v. Echeverri, 2021 WL 1091501 (E.D. Pa. Mar. 22, 2021) (granting motion for default judgment and confirmation of arbitration award); AAMCO Transmissions, LLC v. Winard, 2021 WL 2646887 (E.D. Pa. June 28, 2021) (same).

## II. ORDER

For the reasons set forth above, Plaintiff's Motion for Default Judgment (**Doc. 6**) is **GRANTED**. Accordingly, Plaintiff's Petition to Confirm Arbitration Award and Enter Judgment (Doc.1) is **GRANTED**, and the arbitration award entered on June 17, 2021 in the action American Arbitration Association Case No. 01-19-0004-1474 is **CONFIRMED**.

Judgment is hereby entered in favor of Plaintiff Navient Solutions LLC in the amount of $110,964.55, plus post-hearing interest at the rate of six (6.0%) per cent per annum from April 21, 2021 until paid in full.

IT IS SO ORDERED.


November 15, 2021                                   s\Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge


cc (via ECF email notification):

All Counsel of Record

Stephanie Mangan
96 Sterrett Street
Crafton, Pennsylvania 15205